UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLETTE and RICKY CALDWELL,

                      Plaintiffs,          09-CV-00945(Sr)

v.

GLENN S. GOORD, ANTHONY ANNUCCI,
LEONARD MANCINI, DONALD SELSKY,
CURTIS DROWN, CALVIN WEST,
ROBERT WOODS, DARWIN LACLAIR, and
CAPTAIN WENDERLICH,

                      Defendants.

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #17.

Ricky Caldwell, an inmate of the New York State Department of Correctional Services ("DOCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that defendants Selsky and Wenderlich deprived plaintiff Ricky Caldwell of due process during the course of a prison disciplinary hearing. Dkt. #1.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #54. In support of his motion, plaintiff argues that the legal issues are complex; he has limited knowledge of the law; he lacks sufficient access to the law library; and he has been unable to retain private counsel. Dkt. #54.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case

where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel. Moreover, plaintiff's cause of action is not particularly complex and should not require extensive discovery. In addition, plaintiff has demonstrated a capacity to communicate the factual basis of his claims to the Court. Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 1, 2013

                                             *s/ H. Kenneth Schroeder, Jr.*
                                             H. KENNETH SCHROEDER, JR.
                                             United States Magistrate Judge